# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENYATTA CURSEY,**

                Petitioner,

      v.                                      Case No. 23-CV-534

**WARDEN WAYNE OLSON,**

                Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Kenyatta Cursey, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Accompanying his petition is a motion for leave to proceed without prepaying the $5.00 filing fee. (ECF No. 2.) Based on his institutional trust account statement (ECF No. 3), Cursey lacks the resources to pay this fee and his motion is **granted**.

Turning to his petition, Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Cursey challenges a Kenosha County Circuit Court judgment, and therefore venue is proper in this district. *See* 28 U.S.C. §§ 130(a); 2241(d). He presents at least one cognizable claim—ineffective assistance of counsel. (ECF No. 1 at 4-7.) He has pursued relief in the Wisconsin Court of Appeals and Wisconsin Supreme Court (ECF No. 1, ¶¶ 20, 21), and therefore has plausibly exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). There is no indication that he has previously sought federal habeas relief. *See* 28 U.S.C. § 2244(b). And he represents that he filed his petition within one year of the Wisconsin Supreme Court denying his request for review. (ECF No. 1, ¶ 21); *see also* 28 U.S.C. § 2244(d). Consequently, the court is unable to say that it is plainly apparent that Cursey is not entitled to relief. The respondent shall answer the petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order** the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. Cursey shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. Cursey may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss Cursey's petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition,

Cursey shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 1st day of May, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge