UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYATTA CURSEY,

        Petitioner,

  v.                                        Case No. 23-cv-534-pp

WAYNE OLSON,

        Respondent.

**ORDER DENYING AS MOOT RESPONDENT'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 10) AND REQUIRING RESPONDENT TO ANSWER OR OTHERWISE RESPOND TO AMENDED PETITION**

On May 1, 2023, Magistrate Judge William E. Duffin screened the petitioner's §2254 petition and allowed the petitioner to proceed on all claims. Dkt. No. 5. Judge Duffin ordered the respondent to answer the petition no later than sixty days from entry of his order. Id. On May 18, 2023, the respondent filed a motion for a more definite statement, arguing that the petitioner had omitted required case information and failed to clearly identify his grounds for relief. Dkt. No. 9. The respondent asked that the court order the petitioner to file a more definite statement in the form of an amended petition on the court's standard form, individually identifying each ground for relief. Dkt. No. 10 at 5. On June 1, 2023, the court received from the petitioner an amended petition on the court's standard form. Dkt. No. 12. The court will deny the respondent's motion as moot and order the respondent to answer or otherwise respond to the amended petition.

1

## I. Legal Standard

Federal Rule of Civil Procedure 12 allows a party to move for a more definite statement where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Motions for a more definite statement generally are disfavored, and courts should grant such motions only if the complaint is so unintelligible that the respondent cannot draft a responsive pleading. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).

## II. Analysis

The respondent argues that he cannot file a responsive pleading to the petition for two reasons. First, he says he cannot respond because the petition does not include required information such as the date of the judgment of conviction, an identification of all crimes for which the petitioner was convicted, all grounds raised on appeal, other collateral state proceedings and prior federal proceedings. Dkt. No. 10 at 2-3. The respondent further argues that the petitioner has not alleged claims in a manner that allows the respondent to adequately respond. Id. at 3. As to Ground One, the respondent contends that the petitioner failed to specify which attorney was allegedly ineffective and for what alleged acts or omissions. Id. As to Ground Two—an ineffective assistance of counsel claim specific to Attorney Cicchini—the respondent asks that the petitioner separate out the individual grounds for relief so the respondent can better understand what the petitioner is arguing.

2

Id. at 3-4. The respondent contends that he cannot respond to Ground Three, "Errors in District court decision," because it suffers from the same deficiencies as Grounds One and Two. Id. at 4.

Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. §2254 . . . must file their . . . petition . . . with the Clerk of Court using forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for that relief. The petitioner did not follow this rule when he filed his original petition. As a result, the petitioner left out essential details, including the date of his judgment of conviction, the crimes of which he was convicted and the claims he raised on appeal during his state court proceedings.

The petitioner since has attempted to mitigate this problem by filing an amended petition. Dkt. No. 12. The amended petition includes the date of the judgment of conviction, the crime of which the petitioner was convicted and the claims raised on appeal. Id. at 3-4. His grounds for relief also contain facts supporting his claims. For example, Ground One alleges that Attorneys Edwards, Parise and Cicchini were ineffective because they failed to investigate refutable circumstantial evidence. It also alleges that these lawyers were ineffective in plea negotiations, advising the petitioner about whether to take a plea, determining whether to file pretrial motions and providing adequate

3

representation at trial, all because they did not investigate the evidence. Id. at 7-8.

Ground Two alleges that Attorney Cicchini also was ineffective because Cicchini knew that a complaining witness lied, that the lie was used in the criminal complaint and that Cicchini did not challenge the lie. Id. at 8-9. The petitioner asserts that Cicchini did not investigate other witnesses or other lies. Id. at 9. These allegations are not so unintelligible as to prevent the respondent from drafting a response. Swierkiewicz, 534 U.S. at 513.

Admittedly, there is a problem with the amended petition. Civil L.R. 15(a) states that any amendment to a pleading—such as an amended *habeas* petition—"must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." The petitioner's original petition contains six, single-spaced pages of detailed facts. Dkt. No. 1 at 3-9. The amended petition contains the additional information that was missing from the original, but contains far fewer facts. Instead, it does what Civil L.R. 15(a) says a pleading party may not do—it refers the reader to various paragraphs of the original petition. See, *e.g.*, Dkt. No. 12 at 7 ("See: Kenyatta Cursey Petition #22 to #27"), 8 ("Petition #25 through \_\_\_\_"; "Kenyatta Cursey Petition #28 through #30").

That problem is not fatal, however. The amended complaint gives the respondent the bare bones facts necessary to allow him to answer or otherwise respond. Once he has done so, the petitioner will be required to file a brief in support of his petition. The court presumes that the petitioner will explain, in

4

detail, the facts surrounding his ineffective assistance of counsel claims, and the respondent will have an opportunity to address those detailed facts in his opposition brief.

Because the amended petition resolves the issues raised by the respondent in his motion for a more definite statement, the court will deny the motion as moot, treat the amended petition as the operative petition and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **DENIES AS MOOT** the respondent's motion for a more definite statement. Dkt. No. 9.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 12th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**