KENYATTA CURSEY,

        Petitioner,

  v.                                    Case No. 23-cv-534-pp

WAYNE OLSON,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RELEASE PENDING DECISION (DKT. NO. 31)**

On April 27, 2023, the petitioner, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2019 conviction for false imprisonment. Dkt. No. 1. The petition has been fully briefed since January 31, 2024. Dkt. Nos. 20, 29, 30. On August 26, 2024, the petitioner filed a motion for release pending the court's decision on his petition. Dkt. No. 31. The respondent opposes the motion. Dkt. No. 33.

The court will deny the petitioner's motion.

**I.    Background**

The petitioner pled guilty in state court to one count of false imprisonment and was sentenced to four years of initial confinement followed by three years of extended supervision, consecutive to any other sentence being served. State v. Cursey, Case No. 2018CF000847, Kenosha County Circuit Court (available at https://wcca.wicourts.gov). In his amended petition for *habeas corpus*, the petitioner raises multiple claims of ineffective assistance of counsel and "errors" in the circuit court's decision. Dkt. No. 12.

1

On August 26, 2024, the petitioner filed this motion for release pending the court's decision on his petition. Dkt. No. 31. The petitioner argues that his petition "shows a clear case of ineffective assistance of counsel" because counsel did not investigate "substantial evidence" showing that the petitioner was innocent of the crime for which he pled guilty. Id. at 1. The petitioner contends that in her initial statements to police and family members, the "alleged victim" did not report any injuries or wrongdoing on the part of the petitioner. Id. at 1–2. He argues that the "alleged victim" lied in her statement by asserting that she called out of work for a few days because she did not want anyone to see her injuries—injuries the petitioner says she did not have. Id. at 2. The petitioner argues that the one documented injury on the "alleged victim" was a bruise in a straight line that could not be "made by human hand[s], but from a wall, door or something else." Id. The petitioner argues that counsel did not properly investigate these "false allegations." Id. at 3. He argues that he is innocent, and that release will "lessen the irreparable harm of this unconstitutional incarceration" while the court decides the petition. Id. He opines that he does not pose a flight risk and is currently held in the lowest level of Department of Corrections custody. Id.

The respondent argues that the petitioner has not shown that he has a substantial federal claim that is clear on the law and the facts, as is required to justify his release at this time. Dkt. No. 33 at 2. The respondent recounts that the petitioner pled guilty and that the state appellate court approved a no-merit report—indications that it is unlikely the petitioner was unjustly convicted. Id. He argues that the merits of the petitioner's case are "very weak" and that release is improper. Id. The respondent also argues that the petitioner has not shown any "exceptional circumstances" justifying release. Id. at 3.

2

## II. Analysis

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners); see also Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus . . . A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

Cherek, 767 F.2d at 337.

Courts should consider the requirements of the federal statute that governs bail pending appeal for a federal conviction (18 U.S.C. §3143(b)) as a preliminary barrier to addressing the merits of a motion for release. Id. at 337–38 ("a defendant who cannot bring himself within its terms is not entitled to bail pending . . . [a] decision of his postconviction motion."). Under 18 U.S.C. §3141(b), the court may allow release pending appeal only if it finds (A) "by clear and convincing evidence that the person is not likely to flee or pose a danger" the community and (B) "that the appeal is not for the purpose of delay

3

and raises a substantial question of law or fact likely to result in" a favorable determination.

Release pending possible §2254 relief is not appropriate in this case. First, other than his own unsupported assertion, the petitioner has not provided any evidence that he is not likely to flee or pose a danger to the community if released. Second, even if the petitioner could assure the court that he does not pose a risk of flight or a danger to the community, the threshold for *habeas* relief is high. See 28 U.S.C. §2254(d). The facts the petitioner raised in his motion do not give the court confidence that he will be able to meet this high burden nor that he is "likely" to obtain a favorable determination of his claims. The court will deny the motion.

The court hopes to address the merit's of the *habeas* petition soon.

### III. Conclusion

The court **DENIES** the petitioner's motion for release pending decision. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 21st day of February, 2025.

                                        **BY THE COURT:**

                                        **HON. PAMELA PEPPER**
                                        **Chief United States District Judge**